# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAWRENCE LITTLE | * | |
| v. | * | Civil Action No. CCB-13-3851 |
| U.S. MARSHAL OFFICE | * | |

## MEMORANDUM

Self-represented plaintiff Lawrence Little is suing the defendant for failing to properly effect service in his earlier-filed case, *Little v. Estes*, Civil Action No. WDQ-13-1514 (D. Md. filed May 23, 2013). Little alleges the defendant's actions have "prolonged and blocked" his ability to litigate in violation of his rights under the Fifth and Fourteenth Amendments. (Compl., ECF No. 1, at 2.) He claims the defendant was negligent and incompetent and acted "with malic[ious] intent" in failing to properly serve the defendants in the case. (*Id.*) Little has now moved to amend his complaint to change his initial request for $200 in damages to $200,000.[1] (Pl.'s Mot., ECF No. 3.) For reasons to follow, this case will be dismissed without prejudice.

## BACKGROUND

In his earlier-filed case,[2] Little filed a pro se complaint on May 23, 2013, claiming that he was falsely arrested by Baltimore City police officers, in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments. (Compl., *Little v. Estes*, Civil No. WDQ-13-1514, ECF No. 1, at 1-2.) Because Little was proceeding in forma pauperis, the court ordered the U.S. Marshal

---

[1] Little states his initial request for $200 in damages was a "mistake." (Pl.'s Mot.) Little does not particularize the nature of the injury he has suffered. As will be explained herein, *Little v. Estes* is presently proceeding for service on the defendants.

[2] The facts of *Little v. Estes* are more fully set forth in Judge Quarles' memorandum dated April 1, 2014, (*Little v. Estes*, ECF No. 18), and Magistrate Judge Gallagher's Report and Recommendations, adopted by order dated January 22, 2014, (*Little v. Estes*, ECF Nos. 12, 15, and 16).

on May 28, 2013, to effect service of process on the defendants at addresses provided by Little on U.S. Marshal service of process forms. (Order, *Little v. Estes*, ECF No. 3, at 1); *see also* Fed. R. Civ. P. 4(c)(3) (stating the court must order the U.S. Marshal to effect service if the plaintiff is proceeding in forma pauperis); Local Rule 103.2(b) (D. Md. 2011) (stating that the U.S. Marshal may serve process for a party proceeding in forma pauperis without counsel). The order specified further that if service was made by mail, it was to be done by "**CERTIFIED MAIL, RESTRICTED DELIVERY**." (Order, *Little v. Estes*, ECF No. 3, at 2 (emphasis in original).) On June 20, 2013, the Marshal served defendants by certified mail at the addresses supplied by Little on the forms. (Process Receipt and Return, *Little v. Estes*, ECF No. 6.)

On October 7, 2013, Little filed a "Request for Entry of Default" and a "Motion for Default Judgment," alleging that the defendants failed to respond to the complaint. (*Little v. Estes*, ECF Nos. 7, 8.) After the Clerk entered default, (Order of Default, *Little v. Estes*, ECF No. 10), Little's motion for entry of default judgment was referred to Magistrate Judge Stephanie Gallagher for review, (Order, *Little v. Estes*, ECF No. 11).

On January 22, 2014, Judge Quarles adopted the Magistrate's Report and Recommendations to deny default judgment and ordered Little to show cause why the complaint should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (Mem., *Little v. Estes*, ECF No. 15; Order, *Little v. Estes*, ECF No. 16, ¶¶ 4, 6); *see also* Fed. R. Civ. P. 4(m) (providing that if the plaintiff does not serve a defendant within 120 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time, but if the plaintiff shows good cause, the court must extend the time for service). Little responded on February 6, 2014, clarifying that he was suing the defendants in their individual capacities and pointing to the U.S. Marshal's failure

to mail the summonses by restricted mail as the reason for his failure to properly effect service. (Pl.'s Resp., *Little v. Estes*, ECF No. 17, at 2, 4.)

On April 1, 2014, Judge Quarles issued an opinion in which he determined that, although the U.S. Marshal attempted to effect service for Little, the service was not proper under the Federal Rules of Civil Procedure and Little had demonstrated good cause for failing to serve the defendants within the requisite time. (Mem., *Little v. Estes*, ECF No. 18, at 4-6.) Accordingly, the court granted Little sixty days to provide proof of service on the defendants and directed the U.S. Marshal to effectuate service of process at the addresses provided by Little. (Order, *Little v. Estes*, ECF No. 19, ¶¶ 2, 3.)

## DISCUSSION

In the instant matter, Little has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any case that "fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

When evaluating whether a plaintiff's complaint states a cognizable claim, the court accepts the complaint's allegations as true. *Erickson v. Pardus* 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Further, where the plaintiff is proceeding pro se, as Little is here, the court has an obligation to liberally construe the pleadings. *Id.* at 94. Liberal construction does not mean, however, that the court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). In addition, if the pleadings fail to establish subject matter jurisdiction, *sua sponte* dismissal by the court is required. Fed. R. Civ. P. 12(h)(3)

("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There is no statute or theory of liability that supports Little's pursuit of damages. Little sues a federal agency, but there is no statute that empowers individuals to sue federal agencies directly for constitutional violations.[3]  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 486 n.11 (1994). To the extent Little brings his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), federal agencies are not subject to suit in a *Bivens* action. *See Meyer*, 510 U.S. at 484-86.

Little thus does not present a cognizable theory upon which this case may proceed. Accordingly, the complaint will be dismissed without prejudice by separate order to follow.


April 11, 2014                      /s/
Date                                      Catherine C. Blake
                                               United States District Judge

---

[3] Plaintiff does not appear to bring this action under the Federal Torts Claims Act ("FTCA"). To the extent he is doing so, the FTCA does not permit tort suits against agencies of the United States. *See* 28 U.S.C. § 2679(a)-(b); *Ross v. Fed. Bureau of Alcohol, Tobacco, & Firearms*, 807 F. Supp. 2d 362, 369 (D. Md. 2011).